NOT DESIGNATED FOR PUBLICATION

No. 123,632

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEXIS J. MARTELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed April 22, 2022. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Alexis J. Martell appeals the district court's decision to revoke his probation and to impose a modified underlying sentence. On appeal, Martell contends that the district court abused its discretion in revoking his probation and in imposing a prison term rather than an intermediate sanction. In addition, Martell argues the district court's modification of his underlying sentence without reexamining his presentence investigation report and his resulting criminal score was erroneous. Based on our review of the record, we conclude that the district court did not err in rendering its decision under the circumstances presented in this case. Thus, we affirm.

1

On January 12, 2005, following his conviction for sexual battery, Martell was required to register under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. Subsequently, Martell committed two offender registration violations—one in 2009 and one in 2018. On July 8, 2019, Martell pled guilty to the 2018 offender registration violation. As part of a plea agreement, the parties agreed to recommend an underlying sentence according to the high grid box number on the Kansas Sentencing Guidelines' chart and to recommend a dispositional departure to 36 months of probation. A presentence investigation (PSI) report included prior criminal threat convictions and indicated that Martell's criminal history score was A. As a result, the presumptive sentencing range for a second offender registration violation was 122 to 136 months in prison.

At sentencing, on August 23, 2019, the district court stated that it had some concerns about the length of the sentence. However, Martell's attorney indicated that his client was "willing to do probation, it doesn't matter what the sentence is." Moreover, Martell personally requested that the district court sentence him under the terms of the plea agreement. Ultimately, the district court decided to follow the parties' agreement and sentenced Martell to an underlying prison term of 136 months but granted a dispositional departure to 36 months of probation.

In October 2019, the State charged Martell in two new criminal cases. In one case, the State charged Martell with fleeing and eluding a law enforcement officer along with several traffic violations. In the other case, the State charged Martell with two counts of criminal discharge of a firearm. At the preliminary hearings in both cases, the district court found probable cause for the respective crimes and bound Martell over for trial.

On December 3, 2020, the district court held a probation violation hearing. At the conclusion of the hearing, the district court found that the State had established numerous violations of the terms of Martell's probation by a preponderance of the evidence. In particular, the district court found that Martell had committed new crimes. As a result, the district court revoked Martell's probation and ordered him to serve a modified 122-month prison sentence, which was the low number in the sentencing grid box. In the journal entry entered after the hearing, the district court stated that the reason for revoking Martell's probation was because of the new crimes for which he had been bound over for trial. Thereafter, Martell filed a timely notice of appeal.

ANALYSIS

On appeal, Martell challenges the district court's decisions to revoke his probation and to impose a modified underlying prison sentence. In addition, Martell challenges the district court's reliance on the PSI report when modifying his underlying sentence and claims that this resulted in the imposition of an illegal sentence. In the alternative, Martell argues that because the "reckless disregard" portion of K.S.A. 2020 Supp. 21-5415(a)(1) has been found to be unconstitutional, the case must be remanded to the district court to determine whether he was convicted of intentional or reckless criminal threat.

First, Martell contends that the district abused its discretion by ordering him to serve a modified underlying sentence rather than imposing an intermediate sanction. We review the district court's decision to revoke Martell's probation under an abuse of discretion standard. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). A judicial action constitutes an abuse of discretion only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). The party asserting the district court abused its discretion—in

3

this case Martell—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. It is sometimes referred to as "an act of grace" by the district court. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Here, based on the severity level of Martell's offense and his criminal history score, he was facing a presumptive prison sentence. Nevertheless, the district court showed leniency and afforded Martell with the opportunity to show that he could successfully complete the terms of probation. Unfortunately, he was unable to do so.

Shortly after being placed on probation, Martell had committed several violations of the terms of his probation—including the commission of new crimes. Under such circumstances, the district court was well within its discretion to revoke Martell's probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A); *State v. Skolaut*, 286 Kan. 219, 227-29, 182 P.3d 1231 (2008); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). In addition, even though the district court revoked Martell's probation, it reduced his sentence from the high number to the low number in the grid box. As such, we do not find that the district court abused its discretion in revoking Martell's probation.

Although Martell attempts to "cherry pick" certain statements made by the district court at his probation violation hearing to suggest that it somehow abused its discretion, we do not find his argument to be persuasive. When the statements made by the district court are read in context, it is apparent that the district court was not suggesting that it lacked discretionary authority to determine whether to revoke Martell's probation or to impose a lesser sentence. Rather, the district court was attempting to highlight Martell's lengthy criminal history, his failure to comply with the terms of his probation, and his failure to take responsibility for his actions. Instead of taking advantage of the grace he had been given by the district court, Martell violated the terms of his probation multiple

4

times and in multiple ways. Accordingly, when read in context, we do not find that the district court abused its discretion in revoking Martell's probation or in ordering him to serve a modified sentence.

Additionally, Martell argues that the length of his modified sentence is still too long. However, the record shows that Martell expressly requested that the district court sentence him to the high end of the sentencing grid box as part of his plea agreement. Further, the record reveals that Martell received the benefit of his bargain, and we do not find that the district court committed an error of law or fact in its decision to modify Martell's sentence to the low end of the sentencing grid box. As a result, we conclude that the district court did not abuse its discretion.

Finally, Martell also argues that the district court erred by relying on the initial PSI report to determine his criminal history score at the probation violation hearing. In particular, he points to two prior criminal threat convictions. Martell argues that in light of *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), the district court was required to hold a hearing to establish whether his prior criminal threat convictions could be properly characterized as "intentional" rather than "reckless."

When a district court improperly classifies a prior conviction for purposes of determining a defendant's criminal history score, an illegal sentence results. K.S.A. 2020 Supp. 22-3504(c)(1); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (*Dickey 1*). Under K.S.A. 2020 Supp. 22-3504(a), an illegal sentence may be corrected "at any time while the defendant is serving such sentence." This includes challenging a criminal history score for the first time on appeal following the revocation of a defendant's probation. *State v. Dickey*, 305 Kan. 217, 219-20, 380 P.3d 230 (2016) (*Dickey II*). The proper classification of a prior conviction is a question of law, over which we have unlimited review. *Dickey II*, 305 Kan. at 220. Similarly, we also have

unlimited review to determine whether a sentence is illegal. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

In *Boettger*, the Kansas Supreme Court held that the statutory provision defining the crime of reckless criminal threat was unconstitutionally overbroad. 310 Kan. at 822-23. However, Martell acknowledges that *Boettger* was decided on October 25, 2019, two months after he was sentenced for his offender registration violation on August 23, 2019. This is significant because a sentence's legality is fixed at the time of the pronouncement of the sentence. Changes made after the termination of a defendant's direct appeal do not alter the legality of a sentence. *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019). Thus, a sentence is not rendered illegal by a postsentencing change in the law and a "change in the law" includes an appellate opinion issued after the end of a direct appeal. K.S.A. 2020 Supp. 22-3504(c)(1) and (2).

Martell attempts to get around this in two ways. On the one hand, Martell argues that *Boettger* was not a change in the law. However, numerous panels of this court have previously rejected this argument. See *State v. Louis*, 59 Kan. App. 2d 14, 26-27, 476 P.3d 837 (2020), *rev. denied* 313 Kan. 1044 (2021); *State v. McCullough*, No. 122,167, 2021 WL 646111, at *3-4 (Kan. App.) (unpublished opinion), *rev. denied* 314 Kan. 857 (2021); *State v. Miller*, No. 121,792, 2020 WL 6533257, at *3-4 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. 1045 (2021). Consistent with these prior opinions, we find Martell's argument to be unpersuasive.

On the other hand, Martell suggests that *Boettger* should apply to the district court modifying his sentence at the probation violation hearing. Because the district court lowered Martell's underlying sentence from a 136-month prison term to a 122-month term after revoking his probation, Martell contends that the district court imposed a new sentence that was subject to the holding in the *Boettger* case. However, we note that another panel of this court recently rejected a nearly identical argument.

6

In *State v. Zapata-Beltran*, No. 122,414, 2021 WL 4932039 (Kan. App. 2021) (unpublished opinion), the panel held:

> "Zapata-Beltran also notes the district court could have imposed a lesser sentence when revoking his probation. But that possibility does not mandate that *Boettger* apply. A defendant may benefit from changes in the law that occur during direct appeal, but that only applies to the direct appeal of a sentence. See *Murdock*, 309 Kan. at 591 (law in effect at time of sentencing governs); *State v. Resto-Isaac*, No. 122,226, 2021 WL 2387474, at *5-6 (Kan. App. 2021) (unpublished opinion) (appeal of probation revocation is not a direct appeal of conviction or sentence), [*rev. denied* 314 Kan. 858 (2021)]; *McCullough*, 2021 WL 646111, at *3-4 (same)." *Zapata-Beltran*, 2021 WL 4932039, at *7.

We find the reasoning of the panel in *Zapata-Beltran* to be sound and to be applicable to this case as well. Consequently, we conclude that *Boettger* did not apply to the modified sentence ordered by the district court on December 3, 2020, and that the district court did not impose an illegal sentence when it modified Martell's sentence to the low end of the sentencing grid box.

Affirmed.